**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FREDERICK H. DAMBACH, | : | Civil No. 05-3334 (GEB) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : | |
| Defendants. | : | |
| KYLE R. DAMBACH, | : | Civil No. 05-3335 (GEB) |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : | |
| Defendants. | : | |
| JUDITH A. DAMBACH, | : | Civil No. 05-3336 (GEB) |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : | |
| Defendants. | : | |

This matter comes before the Court upon the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will grant the defendants' motion.

I.  BACKGROUND

In or about January 1993, *pro se* plaintiff Frederick Dambach applied for disability benefits from the Department of Veterans Affairs ("DVA"). (Compl. ¶17.) The DVA denied Mr. Dambach's application and, according to Mr. Dambach's allegations, he subsequently contested the DVA's denial of his application over a period of nine (9) years. (Compl. ¶18.) In or about March 2002, the DVA granted Mr. Dambach the benefits that he sought. (Compl. ¶15.)

Mr. Dambach, his wife Judith Dambach, and his son Kyle Dambach (collectively "Plaintiffs") separately filed *pro se* complaints against the United States and the DVA (collectively "Defendants") on or about July 1, 2005. The separate complaints asserted virtually identical claims, namely, that the DVA engaged in tortious and unconstitutional conduct in its repeated denial of Mr. Dambach's benefits claim.

On October 11, 2005, Plaintiffs requested entry of default against Defendants pursuant to Federal Rules of Civil Procedure Rule 55(a) for failure by Defendants to plead or otherwise defend against Plaintiffs' complaints. After the defaults were entered, Defendants moved to vacate the defaults. Defendants also moved to consolidate the three separate actions and sought leave to file an answer. On January 23, 2006, the Court granted Defendants' motion in all respects.

On January 26, 2006, Defendants filed the instant motion to dismiss. The next day, Plaintiffs filed a notice of appeal of the Court's January 23 decision. On March 13, 2006, the Third Circuit Court of Appeals dismissed Plaintiffs' appeal for lack of jurisdiction. Plaintiffs'

appeal no longer pending, the Court will now decide Defendants' motion to dismiss.

## II. DISCUSSION

### A. Standard of Review for Motions to Dismiss

In considering a Rule 12(b)(6) motion to dismiss, a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Id.* In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). A court may dismiss a *pro se* complaint for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines*, 404 U.S. at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See also Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

### B. Whether Defendants Are Shielded From Plaintiffs' Claims by Sovereign Immunity

Defendants argue that Plaintiffs' claims should be dismissed because Defendants are protected by sovereign immunity. "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Dep't. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). *See also Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995). "[W]hen the plaintiff seeks to sue the United States or an instrumentality thereof, he may not rely on the general federal question jurisdiction of 28 U.S.C. §1331, but must identify a specific statutory provision that waives the government's sovereign immunity from suit." *Clifton County Commr's v. United States Env. Prot. Agency*, 116 F.3d 1018, 1021 (3d Cir. 1997), *cert. denied*, 522 U.S. 1045 (1998). The

waiver "must be unequivocally expressed in statutory text . . . and will not be implied . . . ." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Absent an express waiver, federal courts lack jurisdiction to hear such claims. *Meyer*, 510 U.S. at 475 ("the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit'") (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiffs seek relief pursuant to the Federal Tort Claims Act ("FTCA") and the United States Constitution. The FTCA provides that federal district courts have jurisdiction over claims: "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* at 477 (quoting 28 U.S.C. § 1346(b)).

Plaintiffs' claims are based on Defendants' alleged deprivation of their property rights without due process. In *FDIC v. Meyer*, the Supreme Court addressed a similar constitutional tort claim and held that the Federal Government maintains sovereign immunity against such claims. "By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Id.* at 478. The Court also found that "§ 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA." *Id.* Therefore, according to the Supreme Court, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Id.* Defendants are therefore similarly shielded from Plaintiffs' claims, and the Court lacks jurisdiction to hear this case.

### III.   CONCLUSION

For these reasons, Defendants' motion to dismiss is granted. An appropriate form of

4

order is filed herewith.

Dated:  March 16, 2006

                                                            s/ Garrett E. Brown, Jr.  
                                            GARRETT E. BROWN, JR., U.S.D.J.